UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No. 2:08-CR-00306-KJD-GWF |
| v. | **ORDER** |
| CHRISTOPHER E. SMITH, | |
| Defendant. | |

Before the Court for consideration is the Report of Findings and Recommendation (#46) of Magistrate Judge George W. Foley entered April 30, 2009, recommending that Defendant's Motion to Suppress (#16) be denied. Objections (#50) to the Magistrate Judge's Report and Recommendation were filed by Defendant CHRISTOPHER SMITH pursuant to Local Rule IB 3-2 of the Local Rules of Practice of the United States District Court of the District of Nevada. The Government filed a response in opposition (#57) to the objections to which Defendant replied (#61). Defendant also filed a Motion to Reopen Evidence and to Reconsider Motion to Suppress (#51). Plaintiff filed a response in opposition (#59) to the motion to reopen. The magistrate judge denied (#62) the motion to reopen. Though the time for doing so has passed, no objections to that order have been filed.

The Court has conducted a *de novo* review of the record in this case in accordance with 28 U.S.C. § 636(b)(1) and LR IB 3-2.  With respect to Defendant's Motion to Reopen Evidence, the Court notes Defendant's photo of the "Private Property No Trespass" placard shows it is attached to the building numbered #1705.  This positioning could as well be interpreted a warning to persons not to enter the building, as a notification that the grounds and streets are private property.  Moreover, the fact that there is no evidence in the record of street or entry signage to the effect that the streets, parking areas or common areas are private, suggests that the placard applies only to the building itself.  The streets have the appearance of public streets; they once were public streets. Without personal knowledge of the act of vacation or without searching the records of the traffic division or the surveyor of the City of North Las Vegas before going upon the premises, the officers could not reasonably be expected to know the public easements had been vacated.  This is particularly true where, as stated, there is no evidence of street or other signage notifying the public of the private nature of the streets, commons and parking areas.  That the officers could not have reasonably been expected to know the area was private supports the Magistrate Judge's finding that at most they made an innocent mistake of fact when they stopped the Defendant for the open container violation. Accordingly, the Court determines that the Report of Findings and Recommendation (#46) of the United States Magistrate Judge entered April 30, 2009, should be **ADOPTED** and **AFFIRMED**.

    IT IS THEREFORE ORDERED that the Magistrate Judge's Report and Recommendation (#46) entered April 30, 2009, are **ADOPTED** and **AFFIRMED**, and Defendant's Motion to Suppress (#16) is **DENIED**.

    DATED this 25th day of September 2009.

Kent J. Dawson
United States District Judge